UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAME SURPRIS,

                              Plaintiff,

              -against-

MONTEFIORE MOUNT VERNON
HOSPITAL, et al.,

                              Defendants.

21-CV-7654 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his civil rights when police officers from Defendant New Rochelle Police Department (NRPD) engaged him in conversation, detained him, and transported him to Defendant Montefiore Mount Vernon Hospital (MMVH) for a psychiatric evaluation. Plaintiff also alleges that the Defendants Rick Gustave and Joseph Ferrari violated his rights at MMVH by participating in Plaintiff's being injected with psychiatric medication without Plaintiff's consent. Because Plaintiff brings claims against the NRPD and alleges that his civil rights were violated, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983.

By order dated December 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint. On June 3, 2020, in New Rochelle,

New York, multiple police officers from the NRPD approached Plaintiff and "tr[ied] to engage

[him] in conversation. Plaintiff

> refused to speak to them because [he] wasn't being detained. [He] became very
> aggrivated [and] began to call for help from . . . niegbors near[ ]by. . . . So instead
> of them (police) charging [him] with anything because they were in the wrong,
> they called an ambulance for [him] and wisked [him] off to mental health in
> Mount Vernon's Montefiore Hospital.

(ECF 2, at 5) (any errors in original). At MMVH, Plaintiff "was left in handcuffs forced to

remove [his] clothes, injected with Haloperidol Lactate which [he] did not consent to[ ]." (*Id.*)

Plaintiff alleges that "they also injected [him with] diphenhydramine," to which he also did not

consent. (*Id.*)

Plaintiff contends that "the doctors or caregivers . . . had forged [hi]s information on [his]

hospital release discharge forms." (*Id.* at 6.) He also contends that "[t]here is no record of [his]

ever being sent to Montefiore Hospital" and wonders "where did [he] go then?" (*Id.*) In support

of these allegations, Plaintiff states that "the police or hospital were unable to identify [him], but

when [he] went to retrieve records the incident was never reported legally by the police

department, but somehow had [his] name in the reported incident." (*Id.*)

Plaintiff alleges that he suffered injuries to his wrist, back and leg, as well as

experiencing emotional suffering. He seeks money damages.

Attached to the complaint are two documents: (1) an NRPD event report, describing the June 3, 2020 incident, in which Plaintiff is identified by name, and listing the NRPD officers involved in the incident; and (2) MMVH medical reports, in which a patient is identified as a John Doe, who presumably is Plaintiff. (*Id.* at 10-16.)

## DISCUSSION

**A.     NRPD**

Plaintiff's claims against the NRPD must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New Rochelle, the Court construes the complaint as asserting claims against the City of New Rochelle, and directs the Clerk of Court to amend the caption of this action to replace the NRPD with the City of New Rochelle. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New Rochelle may wish to assert.

**B.     Municipal Liability**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government

may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges that NRPD officers caused Plaintiff to be hospitalized against his will and that this involuntary hospitalization was in violation of his rights. He does not allege, however, that any City of New Rochelle policy, custom, or practice caused the violation of his constitutional rights. The Court therefore grants Plaintiff leave to amend any claims he wishes to bring against the City of New Rochelle to state facts suggesting that it is liable for any constitutional harm suffered by Plaintiff.

## C.    Involuntary Hospitalization

The involuntary commitment and forcible psychiatric evaluation of an individual are both "'massive curtailment[s] of liberty' and [they] therefore cannot permissibly be accomplished without due process of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) (quoting *Vitek v. Jones*, 445 U.S. 480, 491 (1980)). Accordingly, the Fourth Amendment requires officials to have probable cause to believe that a person is dangerous to himself or others before they can seize and detain such person for a psychiatric evaluation. *Glass v. Mayas*, 984 F.2d 55, 58 (2d Cir. 1993).

In New York, involuntary hospitalizations are governed by the Mental Hygiene Law, which permits an officer to "take into custody any person who appears to be mentally ill and is

conducting himself or herself in a manner which is likely to result in serious harm to the person

or others." N.Y. M.H.L. § 9.41. Further, the Mental Hygiene Law requires that likelihood of

serious harm be "manifested by threats of or attempts at suicide" or "homicidal or other violent

behavior." N.Y. M.H.L. § 9.01. An arrest or forcible detention under the Mental Hygiene Law is

only privileged where there was probable cause to believe that the individual was a danger to

himself or others. *Kerman v. City of New York*, 261 F.3d 229, 240 n.8 (2d Cir. 2001).

Here, Plaintiff asserts that NRPD officers brought him to MMVH without cause, but he

does not name any officer personally involved in his involuntary hospitalization. The Court

therefore grants Plaintiff leave to amend his complaint to name the defendant-officers who were

involved personally in Plaintiff's being involuntarily hospitalized and to reallege his claim that

these officers brought him to MMVH without cause.

**D.     Claims against the MMVH staff**

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49

(1988). A private hospital and its staff are not state actors when they involuntarily commit an

individual to a psychiatric hospital, and medicate that individual. *See McGugan v. Aldana-

Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (concluding that, under Circuit precedent, "the forcible

medication and hospitalization of [the plaintiff] by private health care providers [could not] be

attributed to the state"). The Court therefore dismisses Plaintiff's federal claims against

Defendants Gustave and Ferrari for failure to state a claim.[1]

---

[1] Plaintiff is free to pursue state-law claims against these defendants. The Court notes, however, that it likely would decline to exercise supplemental jurisdiction of such claims if the federal claims, "over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), are dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (noting that "when the federal-

E.      **Use of Force**

Plaintiff alleges that he suffered injuries to his wrist, back, and leg, but he does not state how he sustained these injuries or who caused the injuries. The Court therefore grants Plaintiff leave to amend his complaint to provide additional facts describing how he was injured and by whom.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims against the City of New Rochelle and the NRPD police officers involved in his mental health arrest, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

---

law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction").

include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-7654 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    December 7, 2021
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                      Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____          _____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 2:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 3:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.